Keith v. Freeman, et al.

## KEITH v. FREEMAN, ET AL.

1. PRACTICE IN SUPREME COURT. *Erroneous declarations of law by Circuit Court.*

   When there is no error in the finding of the facts, nor in the judgment of the Circuit Court, in a case tried by the court, the judgment will be affirmed though the declarations of law by the court be erroneous.

2. TAXES : *Warrant to collect directed to Sheriff.*

   A warrant attached to the tax book for collecting the taxes is not illegal for being addressed to the Sheriff instead of to the collector of revenue, unless the Sheriff and collector of the county are different persons.

3. TAX SALES : *Certificate of purchase by the State : What sufficient.*

   A list of lands showing in separate columns, the sections, township, range, acres, year of the taxes, valuation, different kinds of taxes, with their respective amounts, the total taxes, penalty, costs, and aggregate of the whole, headed " List of Lands forfeited or sold to the State in Benton county, Ark., May 13th, 1872, for non-payment of taxes for the years 1870–1871, and which remained unredeemed on the 21st day of March 1875," and signed at the end " John Black, Clerk," and recorded in the Recorder's office of the county, is a sufficient certificate of purchase by the State under the revenue Act of 1874.

4. PLEADING : *Ejectment : Answer, pleading conclusions of law ;*

   An answer in ejectment denying that the plaintiff is the legal owner of the land—that the defendant holds unlawfully and

Keith v. Freeman, et al.

without right, and that he unlawfully keeps plaintiff out of possession, sets up only conclusions of law and is demurrable.

5. TAX SALE : *Redemption by infant after sale by the State.*

When land of an infant has been forfeited to the State and been sold by the State before his time for redemption has expired, he may redeem from the purchaser from the State, and the redemption money will belong to the purchaser and not to the State.

APPEAL from *Benton* Circuit Court.

Hon. J. M. PITTMAN Circuit Judge.

*E. P. Watson* for appellant.

Appellees are barred by limitation, Sec. 4117 Gantt's Digest, also by two years limitation curing all defects in the manner of assessing, levying of taxes or any other irregularity of any officer. *Sec.* 5217 *Gantt's Digest.*

Having established a *prima facie* title in appellant by the certificate of the clerk duly recorded, and chain of title from the State, the burden to disprove was on appellees. *Sec* 5206 *Gantt's Dig.*; 19 *Ark.*, 611; 15 *Id.*, 331.

As to the minors; if they have a right to redeem they must pursue the remedy provided by the statute ; if there is no statutory remedy, they must go into chancery. *Carroll v. Johnson* 41 *Ark.*

The Legislature had the right to cure all irregularities in tax sales, either by a healing act, or by an act providing that certain irregularities shall not invalidate a tax sale. See on the subject of limitation, constructive possession of wild lands, and the power to cure, &c. *Lawrence v. Kennedy*, 32 *Wis.*; 18 *Id.*, 268; 38 *Iowa*, 456 ; 26 *Wis.*, 614; 29 *Id.*, 152; *Parks v. C. & F. R. R.*, 32 *Ark.*; 29 *Iowa*, 389 ; *Cooley Const. Lim.*, 3d *Ed. p.* 379, *note* 1 *p.* 381; *Cooley on Taxation p.* 230–1; *Acts* 1871, *Sec.* 125, *p.* 169, *Sec* 123; *Oconto County v. Jerrard*, 46 *Wis*; *Cooley on*

*Taxation p.* 376, 383 ; *Burroughs on Tax. p.* 345–6 *and notes* ; *Blackwell on Tax Titles, p.* 661-2-3, 672-3-4-5 ; 22 *Ark.*, 178 ; 20 *Id.,* 508 ; 37 *Id.,* 107.

The warrant addressed to *the Sheriff* was sufficient, he being *ex-officio collector.* He was at any rate *de jacto* collector and all his acts as such are valid and binding. *Cooley on Taxation,* 189 ; 9 *Mass.,* 231 ; 41 *Mich.,* 615 ; 46 *N. Y.,* 375 ; 38 *Conn.,* 449 ; 1 *Johns.,* 549; 25 *Wend.,* 536 &c. But the statute was what gave him authority to sell and not the warrant. *Acts* 1871, *p.* 169 *Sec.* 100 ; *Burroughs on Taxation p.* 295.

The certificate of the clerk contains all that is required by law. *Acts* 1884–5 *p.* 227, *Sec.* 19. A certificate is a written statement of a fact signed by the officer officially. *Bouvier Law Dict.* ; *Webster Dict. in verbum.*

The law does not require a seal. 53 *Miss.,* 259. Ministerial acts of clerks are not always required to be attested by seal. 1 *Greenl., Evidence.*

*L. Gregg* for appellees.

The offices of Sheriff and Collector are different—separately bonded for &c., the duties and responsibilities are distinct and separate, and a warrant directed to the Sheriff did not authorize the collector to sell. The warrant is his authority to sell, and a pretended sale without authority is void and conferred no rights. *Burroughs on Taxation,* 34 ; 23 *Ark.,* 370 ; 19 *Id.;* 602.

A proper assessment and levy, and warrant to *the collector* are jurisdictional questions, and not mere irregularities—there was no authority to sell, and the sale a nullity and could not be cured or rendered valid. *Sec.* 5217 *Gantt's Dig.*; *Burroughs an Taxation,* 34 ; *Blackwell on Tax Titles,* 445 ; 57 *Penn. St.,* 13 ; 19 *La. Ann.,* 184 ; 27 *Iowa,* 356.

The County Clerk neither made nor recorded a certifi-

Keith v. Freeman, et al.

cate of the sale to the State, as required by law, nor is the *list* made by him attested by his seal. *Sec.* 19 *Acts* 1875 *p.* 227 ; *Morton v. Reeds* 9 *Mo.*, 878.

Sec. 5206 of Gantt's was never intended to, and the Legislature could not, make a deed absolutely void absolutely valid, or make a valid title out of a nullity.

The right of the minors to redeem is certainly clear. Any one legally interested in lands or owning any part thereof has the right to redeem. *Burroughs on Taxation*, 366–7 *and notes* ; 30 *Me.*, 529 ; *Blackwell on Tax Titles*, 426 *and* 430–1.

A tender of the taxes, penalty and costs &c. is equivalent to a redemption. *Cooley on Tax. par.* 6, *p.* 367 *and note* 3, *p.* 368 ; 3 *W. Va.*, 522 ; 5 *La. Ann.*, 675.

EAKIN, J. This is an action of ejectment brought by the heirs of Jackson S. Freeman, who died in 1861, the recognized owner. The *prima facie* title of plaintiffs was thus established.

The defendant Keith defended upon a tax title, alleging in his answer, that the tract of land in controversy was sold by the Collector on — day of May 1872 for the taxes of 1870 and 1871, was bid in by the State and not redeemed, and in 1845 was certified to the Commissioner of State Lands, and that on the 8th of March 1879, it was purchased of the Commissioner by parties who obtained a deed and had the same recorded, under and through whom defendant claims and holds possession. This defence was presented in the first two paragraphs, together with the statute of limitations of two years.

The 3d, 4th and 5th paragraphs denied, respectively, that plaintiffs were the legal owners of the land, that defendant held unlawfully and without right, and that he unlawfully kept plaintiffs out of possession.

The 6th reiterated the facts as to the purchase, and set

up further, that defendant and those under whom he claimed had paid the taxes of 1870 and '71, and had prior to the commencement of this suit made valuable improvements. Wherefore he prayed, if dispossessed, to have repaid to him the amount originally advanced with 100 per cent. interest, and 25 per cent. per annum, upon all taxes and costs since paid, together with the full value of improvements, and that a lien be declared.

An amended answer, as a 7th paragraph, sets up that by virtue of said purchase from the State in 1879, and of the deed from the purchasers to defendant, he went into and now holds possession, and that more than two years had elapsed between the commencement of. the suit and the making and recording of the certificate to the State of Arkansas; and more than two years between the begining of the suit and the date of the deed from the State. Wherefore he insists upon the bar of the statute of limitations.

To all these paragraphs, separately, the plaintiff demurred, and was sustained by the court as to the 3d, 4th and 5th. As to the others the demurrer was overruled. The plaintiff excepted also to the evidence of title exhibited by the defendant, and was sustained as to what purported to be the Clerk's list and certificate of lands bid off by the State, but overruled as to the deed of the Commissioner and other mesne conveyances.

The cause was submitted, then, to the court, which found that the land was duly assessed, the taxes duly levied thereon, and the same duly returned delinquent for the year 1871. That they were sold, as such, by the collector, in May 1872, and bid in for the State, for said taxes of 1871. Further, that a list of said lands was made out by the County Clerk and recorded in the Record Book of the county, showing the lands sold to the

Keith v. Freeman, et al.

State, with amount of taxes, penalty and costs. That this record was made in June 1875, but there was no cer tificate of the clerk with the list, nor any record of such certificate ; That the Clerk did certify to the Commissioner that said lands were sold to the State for said taxes, and had not been redeemed, showing the amount of taxes, penalty and costs, but the certificate was never recorded in the Recorder's office of the county; wherefore no title vested in the State, and the deed of the Commissioner was void. Judgment for possession was given for plaintiffs, and a lien declared in favor of defendant for the original purchase money with 100 per cent., subsequent taxes with 25 per cent. per annum and the value of the improvements. There was a motion for a new trial, bill of exceptions, and appeal by defendant.

The Court made and refused divers declarations of law asked by the parties. Opinions would be interminable if it were necessary to discuss and determine these in detail. They are not like instructions to a jury, which may mislead them in their special duty of finding facts, and applying the law to the facts. It is proper that the court in trying a case should declare separately its finding of facts and its views of the law, because any error in the finding of facts is as much subject to correction as the verdict of a jury. But a judgment may be correct though based on mistaken reasoning, and if there be no error in the finding of facts, such a judgment may well stand. Concerning the foundation facts in this case there is no dispute, and the principal questions for us are ; was the list of lands, delinquent for 1871 and sold to the State, certified and recorded in the county as required by law ? and if not, did it so prevent the investiture of title in the State as to make its deed invalid ? If void there would arise the subsequent consideration of the statute of limitations.

1. PRAC-TICE IN SU-P R E M E COURT. Erroneous declarations of law.

Keith v. Freeman, et al.

2. War-
ra t to col-
le t taxes,
to whom di-
rected.

Preliminary to this, however, it may be useful to notice an irregularity which appellee contends will sustain the judgment. The warrant attached to the tax-books was addressed to the Sheriff instead of the Collector, from which it is contended, in effect, that the collector never had any authority to collect, and could return no delinquent list to be sold. Upon the other hand the appellant says that the sales are made by command of the law and not by virtue of the warrant, which is true. Still there must be some subject matter upon which the law can operate, and there can be no sale without previous delinquency, and no delinquency without some one authorized to collect. Hence the question remains, was it a good warrant?

In this State, the Sheriff was then *ex-officio* Collector. There may have been exceptional cases of separation of the offices, as there may be now. But it was rare. The popular mind apprehended no distinction, and it has always been the habit and is yet, not only in common parlance, but frequently in formal proceedings, to designate the Collector as Sheriff. It is not precise to do so, and official proceedings had better be precise; but the inadvertence has been so common that we fear it would unsettle large amounts of property to hold the proceedings vitiated, wherever it has occurred. Upon the other hand the subject matter so plainly shows that the Sheriff, *as collector*, is intended, that no harm can result from holding the warrant valid. It would be criticising too nicely to declare the warrant a nullity, unless it were shown affirmatively that the Sheriff and Collector were, indeed, different persons. The act of 1871 itself speaks of the Sheriff and Collector in the same clause as the same person, and says that " he " shall proceed to collect the taxes, &c. *See Rev. Act of* 1871 *p.* 155, *sec.* 78.

Keith v. Freeman, et al.

The defect mainly relied upon is this. By the act of 3. What sufficient certificate of sale to State. 1871 lands sold to the State, were required to be conveyed by deed to the State after the time of redemption had expired. ( Sec. 127 p. 170, Pamph. Acts ). Before that was done, it was enacted "that all lands forfeited to the State for the taxes due thereon, and not sold by the State, may be redeemed by the payment of the taxes assessed against said lands with the cost of sale, without any penalty," and the Auditor was prohibited from offering any delinquent lands for sale until the time provided by law for advertising and selling delinquent lands in the year 1875. ( Acts of May 1874 pages 1 and 2 ). This would have been on the 3d Monday of May.

On the 5th of March 1875, ( Phamph. Acts of '74–5 p. 227 ), another revenue act was passed repealing the section of the act of 1871, being Sec. 5208 of Gantt's Digest, which required a deed to be made by the Clerk, and providing that after the two years allowed to redeem, " the Clerk " shall make out a certificate of sale to the State for all lands " purchased by the State as shown by the records of such " tax sale in his office, which have not been redeemed, and " shall state therein the amount of the taxes, penalty and " costs thereon ; and cause the same to be recorded in the " Recorder's office of the County ; and thereupon the title " to all lands embraced in such certificate shall vest in the " State ; and the Clerk shall immediately transmit such " certificate to the Commissioner of State Lands, and " thereupon the said lands shall be subject to disposal as " other forfeited lands."

It is plain that the Legislature meant to substitute the certificate of purchase by the State, and its record, in place of the former more formal deed, and to make it the essential and substantial act for the passage of title into the State. The certificate to be sent to the Commissioner

Keith v. Freeman, et al.

was only to advise him, and to make the lands, already passed to the State, subject to disposal as other land,.

The Clerk in this case, is not shown to have made any formal certificate to the State, but made and caused to be recorded a list of lands, embracing the tract in question, and showing in separate columns, the Section, Township, Range, acres, year of the taxes, valuation, different kind of tax with thir respective amounts, the total tax, the penalty, costs, and aggregate of the whole. The caption of the list was as follows :

" List of lands forfeited or sold to the State in Benton County, Ark., May 13th, 1872, for non-payment of taxes for 1871–70, and which remained unredeemed on the 21st day of April 1875." At the end the list is signed, " John Black, Clerk." The court below held that this did not meet the requirements of the act, and that the title had never vested in the State, so that defendant could derive title through it.

A certificate in its most general and widest sense is a writing to give evidence that a fact has, or has not taken place. Official certificates must be duly authenticated, or they cannot serve that purpose. It is important to the efficacy of a certificate that it should speak directly and positively to the fact to be certified ; not in any set form of words, unless it be so prescribed by the statute, but with such certainty as to leave no doubt that it means to assert the required fact or facts existing, or that the required act or acts have been done.

The Clerk commences his certificate with the words, " List of lands forfeited, &c." There is no difference in meaning between this and saying; This is a list of lands forfeited, &c., which would be the same as to say, " The following lands were forfeited, &c." This is a sufficiently clear and certain assertion, with what follows, that all the

Keith v. Freeman et al.

lands in the list were in fact purchased by the. State, on the day named, and that they had not been redeemed. The statements in the tabular columns sufficiently showed the amounts of the taxes, penalty and costs thereon. It was the duty of the County Clerk to keep the record of all the lands sold to the State, to note the redemptions, to report quarterly to the Auditor the amounts due the State on such redemptions, and after the time allowed for redemption, to make the certificate in question and cause it to be recorded in the Recorder's office. The certificate was required to be made from the record of the tax sales in his office, of which he had the control. No one else had the authority to make the certificate, and the Recorder could not lawfully record one, upon the instance of any one else. The word "clerk" appended to his name is to be understood with reference to the subject matter of the document signed, and the duties of the County Clerk and Recorder with regard thereto. The presumption, moreover, is, that these officers rightfully performed their duty. Or, rather, we may not presume that the Recorder received and recorded the certificate and list, presented by any other than the County Clerk. It would have been better that the Clerk had given his office in full, but we are nevertheless satisfied that the word "clerk" is to be understood as Clerk of the County Court, and that is sufficient. The Statute did not require the certificate to be authenticated by his seal of office.

The Circuit Court erred in holding that no certificate was appended to the list or recorded with it, and in holding also that the law was with the plaintiff.

The question of the Statute of Limitations, in this view is not important. The adult plaintiffs fail on the merits.

Demurrers were sustained to the 3d. 4th and 5th paragraphs of defendants answer. This was proper, as those paragraphs set up only conclusions of law.

4. Pleading. Conclusions of law.

20——43

Keith v. Freeman, et al.

5.  T A X
SALE:   Re-
d e m p tion
b y  i n fant
after sale by
the State.

It is disclosed in evidence that one of the plaintiffs, entitled to a share of the lands, to-wit Minnie Jackson Freeman, whom we take to be a female, was born on the 3d of October 1862. A due tender for taxes, improvements, &c., with the penalties and per centage on each required by law, was made in her behalf, together with that of the other plaintiffs, about a month before the commencement of the suit. She did not come of age untill the 3d of October 1880, which was less than two years before the beginning of this suit. She still had the right to redeem, but was not able to do so in the precise mode prescribed by the Act of 1871, because the lands had passed to the State out of the hands of the County Clerk, and from the control of the State by the deed of the Commissioner, all before she became of age. Both the State and the State's vendee took the legal title subject to her interst therein, which was a right of redemption by paying to the County Treasurer within two years after disabilities removed, for the benefit of the purchaser, an amount of money " equal to that for which such land or lot was sold for taxes, penalty and costs of advertising, and the taxes subsequently paid thereon by such purchaser, or those claiming under him, together with interest at the rate of ten per cent. per annum, and one hundred per cent. on the whole amount so paid, and the amount paid by purchaser for certificate of purchase, and the expense of advertising " required by the Act. (Acts of 1871 pp. 166 and 167). Nothing is said of improvements.

This right has not been cut off by the sale 'from the State. It is a fair construction, however, of the act that the State being satisfied the right to the redemption money has passed to the purchaser. *Carroll v. Johnson,* 41 *Ark.* We have deemed it proper to say this much,

that the Circuit Court, and the parties may take such course in the further progress of the cause, as they may be advised to be proper and lawful concerning the interest of this particular plaintiff. To say more would be perhaps an unwise anticipation, or direction of the proceedings of a court of original jurisdiction.

For error in holding that the lands were not properly certified and recorded in the Recorder's office by the County Clerk, reverse the judgment and remand the cause for a new trial, and for further proceedings consistent with the law and this opinion.