QUERTERMOUS *v.* WALLS.

Opinion delivered April 12, 1902.

1. TAX SALE—DELINQUENT LIST FILED BY DEPUTY SHERIFF.—A tax sale of land is void where the list of delinquent lands was filed by a deputy sheriff, and not by the collector or his deputy. (Page 327.)

2. SAME—RECORD.—A sale of land to the state for nonpayment of taxes is void where the county clerk failed to keep a record of such sales, as required by Sand. & H. Dig., § 6612. (Page 328.)

3. ADVERSE POSSESSION—LIMITATION.—Under Sand. & H. Dig., § 4819, providing that no action for the recovery of any forfeited lands shall be had against any person who may hold such lands under a donation deed, unless it appear that the plaintiff, his ancestors, etc., was seized or possessed of the lands within two years, possession for the required period is no bar where only part of such possession was under the donation deed. (Page 328.)

Appeal from Arkansas Chancery Court.

W. T. WOOLDRIDGE, Special Chancellor.

Reversed.

Mrs. A. B. Quertermous brought suit March 16, 1898, against Thomas Walls, to recover possession of a tract of land. Defendant claimed title under a donation deed, bearing date January 14, 1898, and based on a tax forfeiture in 1891, and also pleaded the two years' statute of limitation (Sand. & H. Dig., § 4819). The cause was transferred to equity, where a decree was entered for defendant. The facts sufficiently appear in the opinion.

*P. C. Dooley* and *Pugh & Wiley,* for appellant.

Fraud of the donee in obtaining possession entitles the appellant to be placed *in statu quo* before entry of the appellee. Big. Fr. 165; 11 Mod. 50; 12 Pick. 270; 52 Ill. 35; 42 Ga. 389; 3 Dana, 146; 33 Ark. 195. Appellee took no better title than his grantor, who was appellant's tenant. 4 S. & R. 467. The two years' statute of limitation cannot avail appellee, because his possession was not under a donation deed, but under a donation certificate. 65 Ark. 305, 308; Black, Tax Tit. § 289; Sand. & H. Dig., § 4819. No

one but the collector had the right to file the delinquent list with the county clerk. Sand. & H. Dig., § 6603. The offices of sheriff and collector are as distinct as though held by separate persons, and the filing of the list by a deputy sheriff was not sufficient. 33 Ark. 396; 37 Ark. 386; 57 Ark. 195; Black, Tax Tit. §§ 73, 105; 9 N. H. 204; 78 Mo. 163. The sale was invalid for the further reason that the clerk's record failed to show that notice was properly published. 52 Ark. 312; 51 Ark. 34; 65 Ark. 90; Black, Tax Tit. §§ 78, 155; 61 Ark. 39; *id.* 414. These are meritorious defenses against the title acquired under the sale. 55 Ark. 192; 61 Ark. 36. Appellee did not make the improvements in good faith. New. Eject. 789; 8 Wheat. 1, 75; 65 Ark. 305.

*James A. Gibson* and *John F. Park,* for appellee.

The tenant had a right to purchase at a tax sale. 17 Ark. 546; 21 *id.* 160.

WOOD, J. The appellee admitted that the tax sale records show that the delinquent list was filed by the deputy sheriff, instead of the collector; that the certificate of the clerk of the publication of the delinquent list does not recite that the papers in which the delinquent list was published had a *bona fide* circulation in the county for thirty days before the first issue of publication; and that there was no separate book wherein a record of the said tax sales was entered kept by the clerk of Arkansas county prior to 1894. These admissions show that the forfeiture for taxes and the donation deed under which appellee claims title are void.

1. Section 6603, Sand. & H. Dig., provides that "the collector shall * * * file with the clerk of the county court a list or lists" of delinquent taxes. The sheriff being *ex-officio* collector, what he does in the capacity of collector must be taken as done by the collector. While the offices are distinct, their functions are performed by the same individual. At least, this must be taken as *prima facie* true. *Brown* v. *Rushing, ante,* 111; *Keith* v. *Freeman,* 43 Ark. 296; *Budd* v. *Bettison,* 21 Ark. 582. But this rule does not apply to deputy sheriffs. They are not *ex-officio* deputy collectors. It will not be presumed that a deputy sheriff is also a deputy collector. *Crowell* v. *Barham,* 57 Ark. 195. The delinquent list was filed by the deputy sheriff. The law does not authorize him to file such list. The filing of the delinquent list as the law prescribes is a prerequisite to a valid forfeiture to the state for the nonpay-

ment of taxes. Without such list no notice could be published, and no sale could be had. Black, Tax Tit. § 199.

2. The statute provides: "The clerk * * * shall record in a separate book, to be kept for that purpose, each tract of land * * * sold to the state, together with the taxes, penalty and cost due thereon." Sand. & H. Dig., § 6612. The failure of the clerk to keep this record, as shown by the admission, rendered the sale to the state for the nonpayment of taxes void. The provision for the keeping of this record is mandatory. It is all-important to the landowner, for it furnishes him the only record evidence of the taxes, penalty and costs for which his land was sold. *Cooper* v. *Freeman Lumber Co.* 61 Ark. 36; *Salinger* v. *Gunn, id.* 414. It was intended that the record of the sale actually made should be preserved in permanent form for the protection of the landowner. He can rely upon this record to determine whether his land has been sold, and whether it was legally sold for the proper amount of taxes, penalty and costs charged against it. See *Logan* v. *Eastern Arkansas Land Co.* 68 Ark. 248.

3. The appellee acquired no rights by limitation. His donation deed was executed January 14, 1898. This suit was brought March 16, 1898. In *McCann* v. *Smith,* 65 Ark. 305, we said: "The possession necessary to bar the plaintiff, his ancestor, predecessor, or grantor, must be held under the donation deed. * * * Until the deed is executed, the grantee therein acquires no right, title or interest in the land, and acquires none by adverse possession." Sand. & H. Dig., § 4819.

4. Whether or not appellee is entitled to improvements, and, if so, what amount should be allowed, are questions depending largely upon the construction of the evidence, as well as the question of rent. The learned special chancellor, having found in favor of the appellee, did not pass upon these questions. For that purpose only the cause is remanded, and with directions to enter a decree on the question of title in accordance with this opinion.