HOOKER v. SOUTHWESTERN IMPROVEMENT ASSOCIATION.

Opinion delivered October 14, 1912.

1. TAXATION—TAX DEEDS—CONFLICTING PRESUMPTIONS.—Where the plaintiff in a suit to remove a cloud upon his title held under a deed from the State Land Commissioner conveying land forfeited for taxes, and the defendant under a clerk's tax deed, each deed constitutes *prima facie* evidence of a valid tax sale, but neither is conclusive against the other. (Page 99.)

2. CORPORATIONS—RIGHT OF FOREIGN CORPORATION TO SUE IN STATE.— The act of May 29, 1907, requiring foreign corporations to pay a franchise tax as a condition of doing business in the State, does not prevent a foreign corporation from suing in the courts of the State if it is not transacting any business in the State. (Page 100.)

3. TAXATION—SALES TO STATE—CERTIFICATE.—Under the revenue law in force in 1877, the only certificate of sales of forfeited lands to the State which the clerk was required to make was a certificate to the State Auditor after the date of expiration of the time for redemption. (Page 100.)

4. SAME—NECESSITY OF WARRANT.—A sale of land for taxes made in 1901 for the taxes of the preceding year was void where the county clerk issued no warrant authorizing the collection of such taxes. (Page 100.)

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*C. F. Greenlee,* for appellant.

*H. A. Parker,* for appellee.

McCULLOCH, C. J.   Both parties to this action claim title under certain tax sales to the forty-acre tract of land in controversy, appellee (who was plaintiff below) claiming title under a forfeiture to the State in 1877, and appellant claiming under a subsequent purchase at tax sale in the year 1901 for the taxes of 1900.   The lands are wild and unoccupied.   Appellee instituted this action to cancel appellant's tax title, alleging that the same was void on several grounds.   Appellant answered, assailing the validity of the tax forfeiture under which appellee claims title, and also denied that the alleged defects existed in his own title.   The chancery court decreed in favor of appellee; holding that its title under the tax sale of 1877 was valid and conveyed the title to the land, and that the subsequent tax sale under which appellant claims title was void.

The deed from the State Land Commissioner to appellee's grantor, and likewise the clerk's tax deed to appellant, each

constitutes *prima facie* evidence of a valid tax sale; but neither is conclusive against the other where tax titles are conflicting. *Rhea* v. *McWilliams,* 73 Ark. 557.

Appellee's right to maintain this action is challenged on the ground that it is a foreign corporation and has not complied with the laws of the State by paying the franchise tax prescribed in the act of 1907. It does not appear in proof that appellee was transacting any business in this State, and did not therefore fall within the terms of the statute requiring payment of the franchise tax. Section 1, act May 29, 1907. See also *White River Lumber Co.* v. *Southwestern Improvement Association,* 55 Ark. 625; *Rachels* v. *Stecher Cooperage Works,* 95 Ark. 7.

Appellee's title is assailed on the ground that the tax sale upon which it is based is void for two reasons, first, that the clerk failed to attach his certificate to the delinquent list or to the record of tax sales, and, second, that the sale was made on a day not authorized by law.

As to the first assault, it can be disposed of by the statement that there was no statute at that time expressly requiring the clerk to certify the delinquent list or to make any particular certificate to his record of the tax sale. The only certificate which the statute at that time required the clerk to make of sales to the State was the one to be transmitted to the Auditor after the date of the expiration of the time for redemption.

The revenue law then in force provided that tax sales should be made on the second Monday in June; but the General Assembly of 1877 passed a special act postponing the collection of delinquent taxes for the year 1877 in Monroe County, and providing that the tax sale should be held on the third Monday in August; and that was the day on which the sale in question was made. See act March 7, 1877.

There is nothing in the record upon which a successful assault on the validity of appellee's tax title can be based, therefore it is our duty to treat it as valid.

There is an agreement to the effect that the record shows there was no warrant made by the county clerk authorizing the collection of the taxes for the year 1900. This renders the sale void. *Keith* v. *Freeman,* 43 Ark. 296; *Liddell* v. *Stone,* 101 Ark. 328.

It follows that the chancery court was correct in sustaining appellee's title and in declaring appellant's title to be void. Decree affirmed.