## PRIDE v. GIST.

Opinion delivered March 6, 1922.

1. TAXATION—TIME OF FILING LIST OF DELINQUENT LANDS.—Crawford & Moses' Dig., § 10082, requiring the collector to file with the clerk "by the second Monday in May in each year" a list of delinquent lands, is mandatory and jurisdictional; and failure to file such list within time renders void the sale for the taxes of that year.

2. TAXATION—TIME TO SUE TAX CLAIMANT.—Crawford & Moses' Dig., § 10119, providing, *inter alia*, that actions to avoid tax sales "shall be commenced within two years from the date of sale," does not apply to jurisdictional defects, such as the failure of the collector to file the list of delinquent lands "by the second Monday in May in each year."

3. TAXATION—ADVERSE POSSESSION OF TAX LAND—LIMITATION.—Crawford & Moses' Dig., § 6947, providing that no action for the recovery of lands sold for taxes "shall be maintained unless it appears that the plaintiff, his ancestor, predecessor or grantor was seized or possessed of the lands in question within two years next before the commencement of such suit or action," where there was a conflict as to whether defendant's possession had been continuously adverse, it was error to direct a verdict for the defendant.

Appeal from Little River Circuit Court; *James S. Steel*, Judge; reversed.

*A. D. DuLaney*, for appellants.

1. The tax sale of 1915 is void. Under the statute, C. & M. Digest, § 10082, the collector must verify the delinquent real estate list and file it with the clerk by the second Monday in May in each year. In this instance that was not done. 84 Ark. 569 *Id.* 423.

2. The court was not justified by the evidence in charging the jury to the effect that appellant was barred by the two-years statute of limitation. To effect a bar, the possession under the tax deed must have been actual and adverse. 67 Ark. 412; 77 *Id.* 326; 84 *Id.* 43; 109 *Id.* 286; 57 *Id.* 527.

*Johnson & Shaver*, for appellee.

1. The irregularity as to the date when the collector verified and filed the delinquent list, is one which cannot

be asserted after the lapse of two years from the date of purchase from the State. C. & M. Digest, § 10119. It is not a jurisdictional defect such as would be prejudicial and misleading to the landowner. 46 Ark. 96; 86 *Id.* 32.

2. Appellants are barred under the provisions of C. & M. Digest, § 6947. 1 C. J., Adverse Possession, p. 55; *Id.* §§ 61, 62; 77 Ark. 326; 84 *Id.* 140; 76 *Id.* 447; 58 *Id.* 151; 59 *Id.* 460; 67 *Id.* 411; 71 *Id.* 390; 75 *Id.* 514; 195 S. W. (Ark.) 673.

SMITH, J.    Appellants sued in ejectment to recover an eighty-acre tract of land described in the complaint. They acquired the original title to said land on the 30th day of May, 1919, but prior thereto, to-wit, on May 7, 1919, appellee had purchased said land from the State and had received from the State Land Commissioner a tax deed therefor. This tax deed was based upon a sale for the taxes of 1915 made in June, 1916; and it is stipulated that the collector of taxes did not file the delinquent list of that year with the clerk of the county court until May 19, 1916. The law required that "the collector shall, by the second Monday in May in each year, file with the clerk of the county court a list or lists of all such taxes levied on real estate as such collecter has been unable to collect." Sec. 10082, C. & M. Digest.

In the case of *Boles* v. *McNeil*, 66 Ark. 428, Judge BATTLE said: "Taxpayers are allowed by the act of March 28th from the first Monday in January to the tenth day of April in each year to pay taxes on all classes of property without penalty. After that time the collector may distrain to pay taxes on personal property, which have not been collected, and a penalty of twenty-five per cent. thereon, and may make out a list of the real property on which the taxes have not been paid. He is required to file such list by the second Monday in May of each year. Owners of land may pay taxes thereon at any time before the list is filed, without paying a penalty, but there is no duty upon the collector to keep the taxbooks open for that purpose after the tenth day

of April. He can file a list of the lands on which the taxes have been collected at any time after the tenth of April, and on or before the second Monday in May.''

We think the provision requiring the delinquent list to be filed by the second Monday in May is mandatory and therefore jurisdictional; and the failure to file the list for the year 1915 by that time renders void the sale for the taxes of that year. *Quertermous* v. *Walls,* 70 Ark. 326; *Boyd* v. *Gardner,* 84 Ark. 567; *Martels* v. *Wyss,* 123 Ark. 184; *Oliver* v. *Scott,* 117 Ark. 275.

It is insisted, however, that the right to recover possession of the land does not follow an adjudication that the tax sale was void, for two reasons. First, that the cause of action is barred under section 10119 of C. & M. Digest; second, that the cause of action is barred under section 6947, C. & M. Digest.

Sec. 10119, C. & M. Digest, provides that "all actions to test the validity of any proceeding in the appraisement, assessment or levying of taxes upon any land or lot, or part thereof, and all proceedings whereby is sought to be shown any irregularity of any officer, or defect or neglect thereof, having any duty to perform, under the provisions of this chapter, in the assessment, appraisement, levying of taxes or in the sale of lands or lots delinquent for taxes, or proceedings whereby it is sought to avoid any sale under the provisions of this chapter, or irregularity or neglect of any kind by any officer having any duty or thing to perform under the provisions of this chapter, shall be commenced within two years from the date of sale, and not afterward.''

This suit was instituted May 31, 1921, and it is apparent that more than two years had elapsed prior to its institution since the date of the tax sale. It is apparent also that two years and twenty-four days had elapsed between the date of the tax deed and the institution of this suit.

The court below charged the jury that "this lawsuit must be brought within two years from the date of the

deed of Mr. Gist (the defendant), and in this case they did not bring this suit within those two years, and because of that fact the statute of limitations bars them from bringing it," and upon that ruling the court instructed a verdict for the defendant, from which is this appeal.'

It has been several times held that § 10119, C. & M. Digest, does not apply to jurisdictional defects; and as we hold herein that the requirement of the statute, that the delinquent list be filed by the second Monday in May, is jurisdictional, it follows that section 10119 has no application to a suit raising that question. *Hewett* v. *Ozark Lime Co.,* 120 Ark. 528; *Radcliffe* v. *Scruggs,* 46 Ark. 96; *Taylor* v. *VanMeter,* 53 Ark. 204; *Townsend* v. *Martin,* 55 Ark. 192; *Ross* v. *Royal,* 77 Ark. 324.

Section 6947, C. & M. Digest, reads as follows: "No action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs or assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector, or Commissioner of State Lands, Highways and Improvements, for the nonpayment of taxes, or who may have purchased the same from the State by virtue of any act providing for the sale of lands forfeited to the State for nonpayment of taxes, or who may hold such lands under the donation deed from the State, shall be maintained, unless it appears that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the lands in question within two years next before the commencement of such suit or action."

Under this section two years actual adverse possession under the tax deed would bar the action of the owner of the original title to recover the land; but the testimony is by no means undisputed that defendant had possession for that length of time; indeed, appellants insist that there has never been anything except a few fitful acts of possession, between which acts there was no continuity to make the possession continuous. This is, of

course, a question of fact, and therefore a question for the jury; but, as has been said, the question was not submitted to the jury.

This section of the Digest has been construed by this court in numerous cases, and the character of possession required to give the holder of the tax deed immunity from suit by the owner of the original title is well defined and need not be repeated here. See following cases: *Chicot Lbr. Co.* v. *Dardell,* 84 Ark. 140; *Wagner* v. *Head,* 94 Ark. 490; *Woolfolk* v. *Buckner,* 67 Ark. 411; *Boynton* v. *Ashabranner,* 75 Ark. 421; *Carpenter* v. *Smith,* 76 Ark. 447; *Ross* v. *Royal,* 77 Ark. 324; *Kennedy* v. *Burns,* 140 Ark. 367; *Radcliffe* v. *Scruggs,* 46 Ark. 96.

The judgment of the court below will therefore be reversed, and the cause remanded for a new trial.