STADE v. BERG.

Opinion delivered July 14, 1930.

*Haynie, Parks & Westfall,* for appellant.

*Gaughan & Sifford,* for appellee.

HART, C. J., (after stating the facts). According to the principles of the common law, the purchaser at a tax sale, when he attempts to enforce rights under his purchase, has the burden of showing that the purchase was

made pursuant to law. To do this he must show the substantial regularity of all the proceedings. Cooley on Taxation, 3d ed. vol. 2, page 1004. In this State the common law rule has been changed by statute so that the burden of showing the invalidity of the tax sale is upon the owner of the land. Section 10109, C. & M. Digest; *Sawyer* v. *Wilson*, 81 Ark. 319, 99 S. W. 389; *Gannon* v. *Moore,* 83 Ark. 196, 104 S. W. 139; *Newman* v. *Lybrand,* 130 Ark. 424, 197 S. W. 855. In the case at bar the defendants assumed this burden and showed by proof, which is not attempted to be contradicted, that the tax warrant required to be delivered to the collector by the clerk of the county court on or before the first Monday in January of each year was not delivered until the 22d day of January, 1925. This section of the statute provides that the clerk of the county court of each county shall, on or before the first Monday in January in each year, make out and deliver the tax books of his county to the collector with his warrant thereunto attached, under his hand, and the seal of his office authorizing such collector to collect such taxes. The section also provides the form of the collector's warrant. These provisions of our statute relating to the sale of lands for the nonpayment of taxes are in the nature of conditions to the power to sell and are not merely directory. Such provisions are enacted for the benefit and protection of the landowner.

It has become the established rule in this State that a tax sale and deed thereunder confers no title upon the purchaser unless the statutory provisions relating thereto have been strictly complied with. While the section under consideration in this case has not been construed by the court to be mandatory and a compliance with its provisions a pre-requisite to the validity of a tax sale, yet it will be seen that such strict construction of it is in harmony with other decisions of the court relating to the question.

In *Martin* v. *Allard,* 55 Ark. 218, 17 S. W. 878, it was held that where the clerk failed to certify the publication of a notice of sale of delinquent lands as provided by statute, the tax sale was void. In *Quertermous* v. *Walls,* 70 Ark. 326, 67 S. W. 1014, it was held that a tax sale of land is void where the list of delinquent lands was filed by a deputy sheriff, and not by the collector of taxes or his deputy. In the same case it was also held that a sale of land to the State for nonpayment of taxes is void where the county clerk failed to keep a record of such sale as required by statute. In *Hewett* v. *Ozark White Lime Co.,* 120 Ark. 528, 180 S. W. 199, it was held that the failure of the clerk to make the certificate provided by the statute with reference to publication of the delinquent list of lands is fatal to the validity of a tax sale. In *Pride* v. *Gist,* 152 Ark. 368, 238 S. W. 35, it was held that a failure to comply with the statute on the part of the collector in filing with the clerk a list of delinquent lands was mandatory and jurisdictional, and that the failure to file such list within time renders void the sale for the taxes of that year. In *Wildman* v. *Enfield,* 174 Ark. 1005, 298 S. W. 196, it was held that the failure of the clerk to attach his warrant authorizing the collector to collect taxes as provided in § 10016 is not a mere irregularity, but is such a defect that is not cured by the two-year statute of limitation.

In the case at bar the clerk did not file his warrant under the section of the statute until the 22d day of January, 1925, while the statute provided that it should be filed on the first Monday in January. This was not a substantial compliance with the statute. The statute prescribes a time limit within which owners of real property may pay their taxes without a penalty. We do not mean to hold that a literal compliance with the provisions of the statute is absolutely essential to the validity of a tax sale, but we do mean to hold that the statute must be substantially complied with. For instance, a delay of

two or three days might only result in inconvenience to the landowners, but such a long delay as existed in the present case might seriously impair their rights. It might be necessary that the whole of the time allowed by statute would be essential to the proper discharge of the duties of the office of collector. It might require that length of time for him to collect all the taxes. In any event, it was evidently the purpose of the framers of the statute to require a strict compliance with its provisions upon the part of the officers charged with the duty of issuing a warrant for the collection of taxes by the proper officer. This is the authority under which the officer acts and is in the nature of a distress warrant; it affords the officer power to sell the land of the property owner for the nonpayment of delinquent taxes and its provisions we construe to be mandatory, and that a substantial compliance with them is a pre-requisite to a valid sale of the land.

By analogy the court has held that the warrant is essential to the proper authorization of the collection of taxes. *Keith* v. *Freeman,* 43 Ark. 296. Again, in *Hooker* v. *Southwestern Improvement Ass'n.,* 105 Ark. 99, 150 S. W. 398, it was held that a sale for taxes for the year 1900 was invalidated by the county clerk's failure to issue a warrant authorizing the collection of taxes for that year. This is in application of the principle that what the law requires to be done in the assessment and collection of taxes for the protection of the taxpayer is mandatory and not directory merely. *American Trust Co.* v. *Nash,* 111 Ark. 97, 163 S. W. 178.

The power of sale in a collector of taxes is a naked power conferred by statute, and the effect of its exercise is to divest the owner of his property without his consent, and oftentimes without his actual knowledge. Therefore, it has been well said that the power to sell property for the nonpayment of taxes is *strictissimi juris,* and a failure to comply with the statutory require-

ments is fatal. *Charland* v. *Trustees of Home for Aged Women,* 204 Mass. 563, 91 N. E. 146, 134 Am. St. Rep. 696.

Therefore, we hold that the statute under consideration is mandatory, and that its observance is a condition precedent to a valid sale of the land for taxes.

Having reached this conclusion, it is not necessary to consider the other grounds of attack on the sale.

It follows that the decree was correct, and it will be affirmed.