## BUCKINGHAM VS. HALLETT ET AL.

The decree of confirmation of a tax title can have no effect to preclude a party in possession of the land from the benefit arising from lapse of time prior to the rendition of the decree—the proceeding for confirmation being in nowise a possessory proceeding; and held in this case: that as the full period of limitation had elapsed, whether the cause of action accrued on the day of the tax sale, at the expiration of the time allowed for redemption, or at the date of the collector's deed, it was immaterial to inquire on which day the purchaser's right to sue commenced.

### Error to Perry Circuit Court.

Hon. THOMAS BOWLES, Circuit Judge.

FORD, for the plaintiff.

CLARK, WILLIAMS & MARTIN, for defendants.

Mr. Justice COMPTON delivered the opinion of the court.

This was an action of ejectment brought by the plaintiff in error for the recovery of the possession of a tract of land lying in Perry county. The verdict and judgment in the court below were for the defendants; the plaintiff moved for a new trial, which motion was overruled, and the case now comes before this court for consideration.

The only question necessary to be decided is, whether or not

the plaintiff's right of action was barred.   It appears that the
land in controversy was sold for taxes, on the 5th day of Novem-
ber, 1849, and that the plaintiff became the purchaser, to whom
the collector executed a deed, bearing date the 27th day of
February, 1851 ; that on the 5th day of April, 1859, the plain-
tiff procured a decree of the circuit court confirming the sale,
and on the 6th day of October, 1860, brought ejectment. .

At the trial the defendants proved that they had been in the
continuous adverse possession of the land for the space of twenty-
five years next before the commencement of the plaintiff's action,
and relied on the statute of limitations of ten, and of seven
years.

It is immaterial to inquire whether the plaintiff's right to sue  .
accrued at the date of the tax sale, or at the expiration of the
time allowed for redemption, or at the date of the collector's
deed; because, if at either of the first mentioned periods, the act
of limitation of ten years, then in force, was applicable, and if
at the date of the collector's deed, the limitation act of seven
years, passed the 4th of January, 1851, applied.   So that, in
either view, the statutory bar was complete before the commence-
ment of the suit, unless the decree of confirmation entered on
the 5th of April, 1859, had the effect to preclude the defendants
from any benefit in this controversy, arising from lapse of time
prior to the rendition of the decree.   There is nothing in the
terms of the decree that would warrant the conclusion that it did
so operate, nor could there be consistently with the provisions of
the enactment, under which the proceedings for confirmation
were had.

The statute provides that the purchaser, after publication "call-
ing on all persons who can set up any right to the land so pur-
chased, in consequence of any informality or any irregularity or
illegality, connected with such sale, to show cause," at the time
and place fixed by the statute, " why the sale so made should
not be confirmed," may, on proof of such notice, apply to the
circuit court for confirmation of the *sale* ; and it is made the

duty of the court, in case no cause to the contrary is shown " to *confirm* the *sale* in question ;" but in case it shall appear that the sale was made contrary to law, it is the duty of the court " to *annul it*." It is further provided that the decree of the court confirming the sale " shall operate as a complete bar against any and all persons who· may thereafter claim said land in consequence of informality or illegality in the proceedings, and the title to said land shall be considered as confirmed and complete in the purchaser thereof," with saving in favor of infants, etc. And it is also provided that in case any purchaser shall not deem it necessary to use the remedy conferred by the act, then the sale shall have the same effect only as is given to it by existing laws. *Gould's Dig., chap.* 170, *secs.* 2, 4, 6, 8.

From these several provisions the conclusion must necessarily be, that the special proceeding for confirmation, authorized by the statute, is in no wise a possessory proceeding. The possession of the land, in such case, is not matter in issue, and the decree does not affect it, but relates to and affects the sale only, operating as a bar against all persons except those saved from the operation of the act, who may thereafter claim the land in consequence of any illegality connected with the sale. As has been seen, the purchaser may or may not, at his option, proceed for confirmation. If he does not, the legality of the sale may be questioned whenever he asserts his title to the land; but if before asserting his title, he procures a decree of confirmation, then all inquiry as to the validity of the sale is cut off. This is conceived to be the difference between a tax-title that has not been, and one which has been confirmed. Where there has been no confirmation, the right of the party in possession, to avail himself of the statute of limitations to defeat a recovery by the purchaser, has never been denied, and we think it sufficiently clear that he may do so, where the sale has been confirmed, although it becomes necessary, in order to make out the period of limitation, to embrace time which may have elapsed subsequent to the sale and prior to its confirmation ; because, as before remarked, the pos-

session not being matter in issue between the parties, the decree of confirmation does not operate as an estoppel on the party in possession, to do so.

It is not deemed necessary to consider the other questions discussed by counsel, as upon the whole record the judgment is correct and must be affirmed.