## LEWIS *v.* CHERRY.

Opinion delivered February 27, 1904.

1. TAX SALE—COSTS.—Under Acts 1897, p. 6, extending the taxes for 1896 so that the taxes for 1896 and 1897 should be payable at the same time, only one set of costs could legally accrue at a sale for the taxes of both years. (Page 256.)

2. SAME—FEE FOR CERTIFICATE OF PURCHASE.—Under Acts 1893, p. 230, a collector is entitled to a fee of 25 cents for each certificate of purchase issued to a purchaser at a tax sale, to be taxed as part of the costs of sale. (Page 256.)

3. SAME—CLERK'S FEE FOR TRANSFER OF LAND.—A charge of ten cents for the clerk's services in transferring land sold at a tax sale to the name of the purchaser is proper. (Page 256.)

Appeal from Pulaski Chancery Court.

THOMAS B. MARTIN, Chancellor.

Affirmed.

### STATEMENT BY THE COURT.

The appellee, Cherry, bought lots 4, 5 and 6, block 17, in Garland's addition to the city of Little Rock, Ark., at a sale by a commissioner in chancery on June 19, 1899. He found afterwards that these lots had been sold on June 13, 1898, for the taxes of 1896 and 1897. He brought this suit to cancel the tax deed that had been made to the appellant Lewis, pursuant to said sale, and alleges that these lots were sold for $5.64 taxes, penalty and costs, and this amount was not lawfully due, and that the sale was void; and alleges tender of taxes before suit, which defendant declined. The defendant filed a motion to dismiss plaintiff's complaint on the ground that the plaintiff had failed to file an affidavit of tender of taxes, interest and costs before filing complaint and issuing summons, as required by statute, which motion was overruled. Defendant filed an answer and cross-complaint, and denies that the lots were sold for an illegal amount of taxes, penalty and costs, and that his tax deed is void, and in his cross-complaint prays that plaintiff's complaint be dismissed, and that his title be quieted, etc.

The court decreed that the tax deed was void, and quieted the plaintiff's title, reserving a lien in favor of the defendant for the amount of taxes, penalty and costs paid by him. The defendant prayed an appeal to this court, which was granted.

*Maloney & Maloney,* for appellant.

The statute of limitation had run against any attack upon the sale or the deed. Sand. & H. Dig. § 4819. This case comes under the act of 1893 allowing a fee of 25 cents for a certificate of purchase. 63 Ark. 476. No irregularity in the sale is shown. 21 Ark. 580; 61 Ark. 419. The clerk's deed is conclusive. Sand. & H. Dig. § 6624. The court erred in overruling the motion to dismiss for want of tender. Sand. & H. Dig. § 2595; 51 Ark. 400; 21 Ark. 379; 23 Ark. 644; 28 Ark. 299; 41 Ark. 149; 43 Ark. 405; 61 Ark. 456.

*Cantrell & Loughborough,* for appellee.

The amount of costs taxed is excessive, and the sale therefore void. 32 Ark 496. The sale is also void for the reason that the item of 10 cents for transferring was included in the costs taxed. 56 Ark. 97; 1 Matt. Ch. Dec. 412.

HUGHES, J. (after stating the facts). It appears from the evidence in this case that lots 4, 5 and 6, in block 17, in Garland's addition to the city of Little Rock, Ark., were sold for the taxes of 1896 and 1897; and the clerk's record (which is the evidence) of the items and amounts for which the land was offered for sale shows that the lots were sold for taxes, penalty and costs, as follows:

Taxes, 1896.................$1.61, and 1897, $1.54=$3.15
Penalty, 1896............... .40, and 1897, .39= .79
Costs, 1896.................. .85, and 1897, .85= 1.70

The items of cost were:

Clerk making list for printer.............................$.05
Clerk attending sale.................................. .10
Clerk transferring land to name of purchaser.............. .10
Printer for advertising ................................ .25
Collector for making sale............................... .10
Certificate of purchase................................. .25
                                                         ────
     Total ...........................................$.85

The taxes of 1896 were extended by Act of 1897, p. 97, so that the taxes for both years were payable at the same time; therefore there could be only one forfeiture and one sale, and only one set of costs that could legally accrue. The transcript and evidence in the case shows that, while only one sale was made, costs were charged for two sales, because the lots were sold for the taxes of two years. This was unlawful and rendered the sale void.

A charge of 25 cents for certificate of purchase as part of the costs of sale, under the act of 1883 [Acts 1883, p. 230], rendered the sale void, according to *Goodrun* v. *Ayers*, 56 Ark. 97. But under the Act of 1893 [Acts 1893, p. 230], 25 cents as charge of costs for which the land might he sold was lawful, as held in *Trimble* v. *Allen-West Commission Co., ante*, p. 72.

The charge of 10 cents for the clerk transferring the land to the name of the purchaser was proper, according to *Salinger v. Gunn*, 61 Ark. 414.

In the case at bar, the lots having been sold for double costs —that is, for costs of two sales instead of one, when only one was made—the sale was void, and the deed of the defendant Lewis, made in pursuance of said sale, conferred no title upon him.

The decree of the chancery court is affirmed.