## SMITH *v.* THORNTON.

Opinion delivered March 25, 1905.

1. TAX TITLE—CONFIRMATION—REDEMPTION.—A decree confirming a tax title cuts off attacks on the title for informality or illegality in the proceeding in reference to the sale, but does not cut off the right to redeem from the sale which is reserved by the statute (Kirby's Digest, § 7095) to insane persons, minors, or persons in confinement and which may be exercised within two years from and after the expiration of such disability. (Page 574.)

2. SAME—EFFECT OF CONFIRMATION.—The confirmation statute (Kirby's Digest, § 673), which provides that the decree of confirmation shall operate as a bar against persons who may claim the land in consequence of informality or illegality in the proceedings, in saving to infants, persons of unsound mind, etc., the right to appear and contest the title within one year after removal of their disabilities, did not cut off the right of insane persons and others to redeem from a tax sale under Kirby's Digest, § 7095. (Page 575.)

3. SAME—RIGHT TO REDEEM.—One who has paid taxes on land under color of title has a lien on the land for the sums so paid which is a sufficient interest to entitle him to redeem from a tax sale. (Page 577.)

4. SAME—Under the donation act of 1840 (Gantt's Dig. § § 3897, 3898), a void donation deed executed prior to a tax sale, without possession of the land or payment of taxes, is not sufficient title to entitle the donee therein to redeem from such tax sale. (Page 578.)

5. PLEADING—DEMURRER REACHING BACK.—It is only substantial defects in the complaint which will be reached by a demurrer to the answer. (Page 579.)

Appeal from Clark Circuit Court.

JAMES S. STEEL, Judge, on Exchange of Circuits.

Reversed.

STATEMENT BY THE COURT.

In the year 1873 James B. Smith obtained from the State a donation deed conveying to him the southeast quarter of section 3, township 11 south, range 19 west, in Clark County, which had been forfeited and sold to the State for nonpayment of taxes for the years 1865, 1866 and 1867. Afterwards Smith became insane, and failed to pay the taxes for 1893, and the land

was sold in 1894 for the nonpayment of such taxes, and purchased by the Gurdon Lumber Company. Smith was insane at the date of tax sale, and had been for some years before that time. He died on the 8th day of April, 1901, leaving surviving him his mother, Eliza W. Smith, as his sole heir at law. On the 13th day of December, 1902, she brought suit in equity to redeem the land against Chas. T. Thornton and Justus Chancellor, who obtained it under a conveyance from the company that purchased the land at the tax sale of 1894.

The defendants appeared, and filed their answer. They alleged that the Gurdon Lumber Company is the business name under which the St. Louis Refrigerator & Wooden Gutter Company, a Missouri corporation, conducts its business at Gurdon, Arkansas, and that the Refrigerator Company was the real owner and purchaser of the land at the tax sale, and conveyed it to the defendants; that while the Refrigerator Company held the title to said land under the tax sale, it brought an action to confirm the tax sale, and that on the 29th day of August, 1901, a decree was entered duly confirming said sale and the title to said land in the Refrigerator Company; that at the time this decree was rendered plaintiff was laboring under no disability, and was completely barred thereby. A copy of the decree was attached to the answer, and made a part thereof.

Second. That the tax forfeiture for nonpayment of taxes of 1865, 1866 and 1867, upon which the donation deed from the State to James B. Smith, the son of plaintiff, was based, was void on account of failure of the officers to follow the procedure required by law in the levy and collection of taxes, particulars of which are set out in the answer; that the land is wild and unimproved, and that neither plaintiff, nor James B. Smith, from whom she claims the land, ever took actual possession of the land; that for this reason plaintiff shows no title to the land, and no right to redeem.

The plaintiff demurred to each paragraph of the answer on the ground that neither of them stated facts sufficient to constitute a defense to the action to redeem. The chancellor overruled the demurrer to the first paragraph, but sustained the demurrer to the second paragraph. Plaintiff elected to stand on

her demurrer to the first paragraph, and declined to plead further. The court thereupon dismissed her action at her costs, and she appealed.

*McMillan & McMillan,* for appellants.

Appellant's right to redeem was clear. 61 Ark. 456; 41 Ark. 59; 69 Ark. 103; 49 Ark. 552; 43 Ark. 306; 35 Ark. 47; 39 Ark. 584. The decree of confirmation did not cut off rights of appellant. 66 Ark. 1; 71 Ark. 211; 24 Ark. 519; 52 Ark. 145; 61 Ark. 456; 49 Ark. 452; 53 Ark. 419; 71 Ark. 121. A law authorizing the redemption of lands ought to receive a liberal construction in favor of those whose estates are divested. 10 Pet. 6; 1 Ark. 472; 15 Ark. 341; 59 Ark. 217, 149; 42 Ark. 215; 39 Ark. 584; 19 Ia. 68; 11 Ia. 27; Cooley, Tax. 584; 55 Ark. 217.

*J. H. Crawford,* for appellee.

Appellant had no right of redemption. Cooley, Tax. 545; 51 Ark. 453; 53 Ark. 432. The demurrer to the second paragraph of the answer was improperly sustained. 55 Ark. 218; 51 Ark. 34; 56 Ark. 184. The sale of two or more tracts of land in bulk vitiates the sale. 29 Ark. 476, 489; 30 Ark. 579; 31 Ark. 491; 32 Ark. 143; 37 Ark. 646; 55 Ark. 104; 61 Ark. 415. Plaintiff must recover on the strength of his own title. 73 Ark. 344; 37 Ark. 644; 24 Ark. 402. Appellant had no title that entitled her to redeem. 59 Ia. 14; Cooley, Tax. 534, 540; 7 Ia. 512.

RIDDICK, J., (after stating the facts.) This is a suit in equity to redeem land forfeited and sold for the nonpayment of taxes for the year 1893. The plaintiff inherited the land from her son, James B. Smith, who was insane at the time of the tax sale and up to the day of his death. She commenced the action to redeem within two years after his death.

The question raised by the demurrer to the first paragraph of the answer is whether the fact that the tax sale under which the defendants claim had been confirmed by a decree of the court cut off the right of the plaintiff to redeem? Now, the effect of this decree confirming the tax title must depend on the statute

which permits such confirmation. This statute directs that when any holder of a tax title desires to confirm the same he shall publish a notice calling on all persons who can set up any right to the land in consequence of any informality or irregularity connected with the sale to show cause against the confirmation at the next term of the court. It further provides that, if no cause be shown why the sale should not be confirmed, the court shall enter a decree confirming the same, and provides that such decree "shall operate as a complete bar against any and all persons who may hereafter claim the land in consequence of informality or illegality in the proceedings" in reference to the tax sales. Kirby's Dig. § § 662 to 673.

The decree that was entered in this case follows the language of the statute very closely. It confirms the tax sale, and directs that "any and all persons who may claim said lands, or any interest therein, or any part thereof, or who may set up any right or title thereto in consequence of any informality, illegality or irregularity in said sales, or the proceedings under which the lands were forfeited or sold, be, and they are, hereby forever barred and enjoined from asserting or attempting to assert such claim, interest or right or title against petitioner, its successors or assigns." This decree, it is plain, cuts off all attacks upon the tax title by reason of any informality or illegality in the tax sale, but the plaintiff does not claim the land by virtue of any defect in the tax sale. She concedes that the tax sale is valid, and relies solely on the right of redemption given by the statute. We are therefore of the opinion that her right to redeem was not affected by the confirmation decree. That decree only adjudged that the tax sale was valid, and cut off all such interests that were affected by a valid tax sale, but had no effect on those holding rights that were not affected by such tax sale. *Buckingham* v. *Hallett,* 24 Ark. 519.

But it is said that the confirmation statute gives the minors and persons of unsound mind only *one* year after their disabilities have been removed in which to attack the decree, and that, as the insane person who claimed this land was dead before the proceedings to confirm were begun, and as the plaintiff was laboring under no disabilities at the date of the confirmation decree, her rights in the land were conpletely cut off by such decree. The provision in the confirmation statute which gives

to minors and persons of unsound mind one year after their disabilities are removed "to appear and contest the title to said land" has no reference to the right of redemption allowed to such persons; for, as before stated, the confirmation decree does not affect their right to redeem, and it is not necessary to attack the decree in order to redeem. The year the confirmation statute gives after disabilities are removed is to allow them to appear and contest the decree.

To illustrate: If an adult permit his land to be forfeited and sold for nonpayment of taxes, and then dies, his minor children have only two years from the date of the tax sale in which to redeem the land. If they fail to redeem, and the purchaser at the tax sale procures a decree confirming the sale, they have, under this confirmation act, one year after arriving at age to appear and contest the decree, and unless they appear within that time their rights are cut off entirely; for in that case they have no longer time in which to redeem than their ancestor had. On the other hand, if the adult dies before the tax forfeiture, and his minor children are the owners at that time, they have two years after becoming of age in which to redeem, and this right does not depend upon the invalidity of the tax sale, and is not affected by a decree confirming such sale. If in this case the forfeiture of the land for nonpayment of taxes had occurred while the owner was sane, he would then have been entitled to only two years in which to redeem. His subsequent insanity would not have extended the time for redemption, and if he had not redeemed the land, and the purchaser at the tax sale had obtained a decree confirming the tax sale after the owner became insane, then the provision of the confirmation act allowing to minors and insane persons one year after disabilities are removed in which to appear and contest the decree would have applied. The rights of the owner or his heirs at the expiration of that time would have been cut off; for, their right to redeem having expired, they could only succeed by contesting the decree, and must do that within the time provided by the act, unless the decree was entirely void.

But in this case plaintiff does not contest the tax sale or confirmation decree, for she does not have to do so in order to redeem. Her right to redeem was not affected by the decree

confirming the tax sale. For these reasons we are of the opinion that the first paragraph of the answer setting up the confirmation decree as a defense to her action to redeem showed no valid defense to such action, and the court erred in overruling the demurrer to that paragraph.

The chancery court sustained the demurrer to the second paragraph of the answer, and held in effect that the mere fact that the original forfeiture upon which the donation deed to the son of plaintiff rested was void on account of irregularities in the tax procedure leading up to such forfeiture did not necessarily show that plaintiff had no right to redeem. The defendant did not appeal from this ruling; but, as the case must be reversed for error noted above, we will say that, if there was nothing more than a void donation deed, without possession or payment of taxes under it, that would hardly be sufficient to entitle plaintiff to redeem. But the land was forfeited and sold to the State for nonpayment of the taxes for the years 1865, 1866 and 1867. It was not redeemed, and the State by its donation deed conveyed it to the son of plaintiff in 1873. If the statements in brief of counsel for plaintiff are true, the son of plaintiff had it assessed in his name and paid taxes on it from that time until 1893, claiming it as his own. As the land was wild and unoccupied, he did not take actual possession, but the deed from the State was *prima facie* evidence of title. Although, on account of irregularities in the tax procedure, this title was subject to be defeated by an action of the true owner, yet the donation deed not only gave him color of title, but the subsequent payment of taxes under this donation deed gave him a lien upon the land for the sums so paid. *Bagley* v. *Castile,* 42 Ark. 77. This was such an interest in the land as entitled him to redeem. For, although this title was defective, it might have been confirmed, as many defective titles of that kind have been confirmed, under the statute passed for that purpose, or the holder of this donation deed might have taken actual possession and acquired title by adverse possession in two years, for the original owner might never have appeared to contest the title.

Now, the same interest which gives the adult a right to redeem within two years after a tax sale will, if held by a minor or insane person, give such minor or insane person the right

to redeem within two years after their disabilities are removed, for the statute makes no distinction between the adult and the minor or insane person in that regard. *Burton* v. *Hintrager,* 18 Ia. 348.

This court in *Woodward* v. *Campbell,* 39 Ark. 580, speaking of the nature of the interest in land required to redeem from a tax sale, said that "almost any right, either at law or in equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance on the land, amounts to such an ownership as will entitle the party holding it to redeem;" and this statement of the law has been repeatedly followed and affirmed. *Sanders* v. *Ellis,* 42 Ark. 215; *Hodges* v. *Harkleroad, ante,* p. 345; *Shearer* v. *Woodburn,* 10 Pa. St. 511; *Schenck* v. *Peay,* 1 Dill. 267; *White* v. *Smith,* 68 Ia. 313; *Swan* v. *Harvey,* 90 N. W. 489.

As the son of plaintiff at the time this land was sold for taxes in 1894 had a deed from the State to this land which, even though it may have been invalid, gave him a lien on the land for all taxes he had paid thereon under the donation deed and the value of all improvements he might choose to make thereon, we are of the opinion that, if he had paid taxes on this land for several years, he had, by virtue of his donation deed and such payment of taxes, an interest in the land sufficient to entitle him to redeem. Gantt's Dig. § 3910. But a void donation deed executed under the donation act of 1840, twenty years before the action to redeem was commenced, without possession or payment of taxes since the execution of the deed, would not, in our opinion, be sufficient for that purpose. Gantt's Dig. §. § 3897, 3898.

Judgment reversed, and cause remanded, with an order to sustain the demurrer to the first paragraph of the answer and for further proceedings, with permission to either party to amend pleadings.

Battle, J., concurs in so much of the opinion as states that the confirmation decree did not cut off the right of redemption, but dissents from the judgment on the ground that the plaintiff showed no interest in the land sufficient to entitle her to redeem.

McCulloch, J., dissents on whole case.

ON REHEARING.

## Opinion delivered May 6, 1905.

RIDDICK, J.  We did not, as stated in the brief on motion of appellee for rehearing, allow an omission in the complaint to be supplied by a statement in the brief of counsel for appellant. The complaint was good, for it alleged that the deceased, James B. Smith, was the owner of the land at the time it was sold for taxes in 1894, and that the plaintiff had inherited his right to redeem.  There was no demurrer to the complaint, and the demurrer to the answer would not relate back and reach any except substantial defects in the complaint.  *Bradley* v. *Hance,* 18 Ark. 284; Bliss, Code Plead. § 417a.

The circuit court sustained the demurrer of the plaintiff to the second paragraph of the answer, and there was no appeal from that decision, so the only question before us was whether the court erred in overruling the demurrer to the first paragraph of the answer from which judgment plaintiff appealed.

We held that the court erred in overruling the demurrer to that paragraph; and as this called for a reversal of the case, we further expressed an opinion as to the facts stated in the brief of appellant, so that, if either party desired, the pleadings could be amended, and the case finally disposed of, on another trial without the necessity of another appeal.  The motion to rehear will be overruled.

## Opinion delivered March 25, 1905.