BRASCH v. WESTERN TIE & TIMBER COMPANY.

Opinion delivered November 5, 1906.

1. LOSS OF RECORD—SECONDARY EVIDENCE.—Upon satisfactory proof to the court of the loss of a record, its contents may be proved, like any other document, by any secondary evidence when the case does not, from its nature, disclose the existence of other and better evidence.   (Page 430.)

2. DELINQUENT TAX LIST—FAILURE TO RECORD COLLECTOR'S AFFIDAVIT.—Under Kirby's Digest, § § 7083, providing that the collector shall annually file with the county clerk a list of lands on which delinquent taxes are charged and "shall attach thereto his affidavit to the correctness of such list," and *Id.*, § 7086, providing that the county clerk shall record such list with a notice of the time and place of sale, there is no requirement that the collector's affidavit be recorded. (Page 430.)

3. TAX SALE—COSTS.—In a tax sale in 1900 for the taxes of 1899 the following amounts were properly charged against the land as part of the costs of sale, towit: five cents to the clerk for furnishing a copy of delinquent lands to the printer, ten cents to the clerk for attending the sale of the land and making record thereof, and ten cents to the collector for attending the sale. (Page 431.)

4. SCHOOL TAX—VALIDITY.—Failure of the school directors and clerks who held the election pursuant to which a school tax was levied to take the oath prescribed by statute for election of officers did not affect the validity of the school tax, as they were *de facto* officers whose acts can not be questioned collaterally. (Page 431.)

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; reversed.

*Stuckey & Stuckey* and *Campbell & Suits,* for appellant.

A record being shown to have existed and to have been lost, and that loss satisfactorily accounted for, parol testimony is admissible to prove its contents.   11 Ark. 367; 26 Ark. 166; 47 Ark. 125; 52 Ark. 103; 33 Ark. 489; 49 Ark. 157; 58 Ark. 277; 22 Ark. 453; 75 Ark. 12; 24 Am. & Eng. Enc. Law (2 Ed.), 209, tit. Records.

*Gustave Jones* and *Mathes & Westbrooke,* for appellee; *F. H. Sullivan,* of counsel.

1.   This cause, being in chancery, is here for trial *de novo,* and the court will review the whole case.   96 S. W. 134; 75 Ark 75; 50 Ark. 366; 48 Ark. 316; *Ib.* 191; 43 Ark. 318; 13 Ark. 350.

2.  ·If the delinquent list was not verified, or not verified in the manner and form required by statute, the sale was invalid. Kirby's Digest, § 7083; 35 Ark. 508; 70 Ark. 326; 1 Blackwell, Tax Titles, § 463; 2 Cooley, Taxation (3 Ed.), 827; Burroughs, Taxation, § 111; 18 Ill. 311; 74 Ill. 384; 9 Ohio, 93; 17 Ohio St. 33; 35 Ohio St. 209; 4 McLain, (U. S. Cir.) 138; 36 Mich. 215; 42 Wis. 332; 24 W. Va. 176; 34 W. Va. 207; 34 S. E. 815; 60 Pac. 844; 2 N. Y. 66; 90 Mo. 96; 33 Miss. 451.

3.  Neither alteration, spoliation nor mutilation is to be presumed. · The list itself, bearing no evidence of mutilation, was *prima facie* evidence that there had been no verification. . 2 Am. & Eng. Enc. Law (2 Ed.), 272.  A party offering parol evidence of a written document must show that he had in good faith exhausted in a reasonable degree all the sources of information and means of discovery which the nature of the case would naturally suggest and which are accessible to him.  60 Ark. 144; 17 Cyc. 545.

4.  Parol evidence of the original existence, loss and contents of the supposed document, if admissible, must be clear and satisfactory.  119 Ala. 500; 30 Ga. 397; 19 Fla. 851; 3 N. Y. 424.

5.  The contents of the return were provable only by the clerk's record thereof, which showed a failure to verify.  Every essential step from levying the taxes down to and including the execution of the final conveyance to the purchaser, or final certificate of redemption to the owner, is peremptorily required to be made a matter ·of permanent record in the office of the county clerk.  Kirby's Digest, § § 6889-91, 5966, 6976, 7018, 7026, 7028, 7048, 7061, 7065, 7068, 7083, 7086, 7092, 7096, 7110.  The collector's affidavit to the return is essential to its validity, and without this verification the return is a nullity.  See .55 Ark. 55; 96 S. W. 140; 61 Ark. 39; 65 Ark. 599; 68 Ark. 249; 8 Ohio, 114; 35 Ark. 508.

6.  If any item of fees charged against the land was excessive, the sale was void.  56 Ark. 95; 61 Ark. 36; 56 Ark. 414; 72 Ark. 254; 63 Ark. 475; 66 Ark. 542; 73 Ark. 225; *Ib.* 264. The clerk's charge of five cents for furnishing copy of delinquent list to· the printer, and ten cents for attending sale and making record thereof, appears to be chargeable to the county, rather than

against the lands.   Mansfield's Digest, § 3240.   Compare amendment thereof, Acts 1887, p. 139; Kirby's Digest, § § 3494, 3495. The collector's charge of ten cents for attending the sale was excessive, not being expressly authorized by statute to be charged as part of the cost for selling the land.   Costs and charges are creatures of the statute, and none are allowed except where the law directly and positively says so.   Kirby's Digest, § 7088; 63 Ark. 475; 12 Ark. 60; 129 Mass. 135; 79 Wis. 89; 10 Minn. 296.

7.   None of the judges and only one of the clerks at the annual school election having taken the oath prescribed by statute, there was no election; hence there was no lawful levy of the $2.00 school tax against the land.

*Stuckey & Stuckey* and *Campbell & Suits,* for appellant in reply.

1.   This court will only review such alleged errors of the lower court as were excepted to in that court at the proper time.

2.   Proper foundation was laid for the introduction of secondary evidence of the contents of the lost record.   If the paper is a record for which a particular place of deposit is provided, it is sufficient if it is shown that search was made in that place unsuccessfully.   25 Am. & Eng. Enc. Law (2 Ed.), 167.

The list which the law requires the clerk to record may differ materially from the list as certified by the collector.   Kirby's Digest, § § 7083, 7084.   Why should the clerk attach the collector's affidavit to the corrected list?   The collector's affidavit is not required to be recorded.   *Ib.* § 7086.

3.   The items of charges complained of as excessive this court has held to be lawful.   61 Ark. 414; 72 Ark. 254.

4.   Under the law the judges and clerks of the school election were at least *de facto* officers, and the tax levy was legal. 36 Ark. 446; 53 Ark. 428.

BATTLE, J.   The Western Tie & Timber Company brought suit against Charles Brasch to quiet its title to a certain tract of land and to cancel a deed held by the defendant for the same. The deed was executed by the clerk of the county court of Jackson County on the sixteenth day of June, 1902, in pursuance of a sale for taxes levied and assessed against the land for the year 1899,

and the accrued penalty and cost, made on the 11th day of June, 1900. Plaintiff attacked the sale on various grounds, among which are the following:

"The list of lands delinquent for the taxes of 1899 was not filed by the collector as the law required; the collector did not make and attach to what purported to be the delinquent list of lands sold for the taxes due thereon, which he had been unable to collect for the year 1899, the affidavit of the correctness of such list as the law required, or at all;" the land was illegally sold for the following fees, charged against it, towit, the clerk's charge of five cents for furnishing a copy of the delinquent list to the printer, and ten cents for attending the sale and making a record thereof, and collector's fee of ten cents for attending the sale; and was sold for a tax of two dollars illegally levied for school purposes.

The defendant answered "and specifically denied the various grounds alleged by appellee as to the invalidity of the tax sale, including those above set out, and in addition to such denial alleged in substance and effect that such list was duly made out by the collector, had the affidavit of the collector attached thereto as to the correctness of such list, and that said list and affidavit was duly filed in the office of the county clerk in apt time as required by law, but that through no fault of appellant, and without his knowledge or consent, some one detached the sheet containing such affidavit and file mark from the remaining ten sheets of paper comprising such delinquent list of lands, and such sheet of paper has been lost or destroyed. This part of the answer asked the court to restore said delinquent list together with affidavit and file mark thereon to its original condition, so far as this cause is concerned, and to consider such record as in its original condition when filed."

An instrument of writing, found in the clerk's office of Jackson County and purporting to be the delinquent list of real estate for 1899, and bearing date the 14th of May, 1900, was introduced and received at the hearing of this cause as evidence. It showed the taxes, penalty and cost charged and levied against each tract and for which it was returned delinquent, among which tracts was the land in controversy. "This list consisted of ten sheets of paper fastened together with a brass fastener

and so arranged that the fastener could be bent back and the outside or back sheet thereof easily removed without mutilating or destroying the remaining sheets, but this real estate delinquent list did not have any filing mark on it nor any affidavit of the collector thereto attached as to the correctness of such list."

The defendant took the depositions of J. G. Walker and M. B. Brewer, in which they testified that Walker was collector, and collected the taxes that were levied and assessed in Jackson County for the year 1899, and Brewer was his deputy, and assisted him in the collection of the taxes, and that he was succeeded in November, 1900, by R. W. Bandy; that Brewer "made out the list of lands delinquent for the nonpayment of taxes for the year 1899; that the list consisted of a number of sheets of paper fastened together with a brass fastener; that the list was made out complete, and had an affidavit thereto attached as to the correctness thereof, which affidavit was on a sheet of paper by itself; that Brewer and Walker took the list and affidavit to the county clerk's office for the purpose of filing, and that Walker made the affidavit and filed it. Walker testified that this list and affidavit attached were filed by the second Monday in May, 1900; that afterwards, when Bandy had completed the collection of the taxes of a certain year as far as possible and was preparing the delinquent list of lands for filing in the county clerk's office, Bandy spoke to him about a form of affidavit which should be attached, and to get such form he (Walker) went into the county clerk's office and got the delinquent list of lands which he had filed while he was collector, and detached the sheet containing the affidavit from the other sheets, and took it into Bandy's office and left it there, and does not know what became of it. Bandy testified that he remembered that Walker got the affidavit, and that he had made search for it in his and the clerk's offices, and had not been able to find it.

The record in this case does not show that either one of the school directors, who held the election pursuant to which two dollars was assessed and levied upon the land in controversy as a tax for school purposes for 1899, took the oath of office prescribed by law for judges of election, and shows that only one of the clerks did.

Upon motion of plaintiff the depositions of Brewer and

Walker were excluded as evidence by the court because they were incompetent and irrelevant.

The cause coming on to be heard, the court found that the deed of defendant is void "for the reason that the affidavit of the collector was not made to the delinquent list for the year 1899, and that the delinquent list was not filed in the time prescribed by law." And 'the court further found "that if the testimony of the character contained in the depositions of J. G. Walker and M. B. Brewer were admissible in this action then the finding would be for the defendant." And the court canceled, annulled and set aside defendant's deed as a cloud upon the title of the plaintiff.

The court erred in excluding the depositions of Walker and Brewer. They should have been admitted, the proper foundation having been laid. The rule in such cases, as held by this court, is as follows: "Whether a record be ancient or recent, after proof of its loss or destruction satisfactory to the court, its contents may be proved, like any other document, by any secondary evidence, when the case does not, from its nature, disclose the existence of other and better evidence." *Davies* v. *Pettit,* 11 Ark. 349, 367; *Hallum* v. *Dickinson,* 47 Ark. 121, 125; *Gates* v. *Bennett,* 33 Ark. 475, 489.

Plaintiff argues that the affidavit of the collector required by law to be attached to the list of lands and taxes returned delinquent should be recorded with the list by the clerk, and the record is the only competent evidence of its existence. But this contention is not correct. The affidavit and list are mentioned in the statute as two distinct things, and one is not included in the other. The requirement of one to be recorded does not include the other. Upon filing the list the statute requires the clerk of the county court to carefully scrutinize it and compare it with the tax books and record of tax receipts and to strike from it any tract of land, city or town lot upon which the taxes have been paid, or which does not appear to have been entered upon the tax book, or that shall appear from the tax book to be exempt from taxation, and to cause the same as corrected to be published, with notice that the lands, or so much thereof as may be necessary, will be sold at a time and place fixed according to the statute, and to record the list and notice in a book to be by him kept for the purpose.

But the affidavit is not required to be recorded.    Kirby's Digest, § § 7083-7086.

The tract of land in controversy was properly sold at the tax sale, in part, for five cents due the clerk for furnishing copy of delinquent lands to printer, and ten cents due him for attending sale of the land and making record thereof, and ten cents due the collector for attending the sale.    *Salinger* v. *Gunn,* 61 Ark. 414; *Lewis* v. *Cherry,* 72 Ark. 254.

The failure of the directors and clerks who held the election pursuant to which the school tax was levied to take the oath prescribed by statute for election officers did not affect the validity of the school tax.    They were *de facto* election officers, and their acts affected only third persons and the public, and can not be questioned in this suit.    *Swepston* v. *Barton,* 39 Ark. 549, 557; *Holland* v. *Davies,* 36 Ark. 446; McCrary on Elections (4 Ed.), § 251.

According to the record in this court, the tax sale is valid.

Reversed and remanded with directions to the court to enter a decree in accordance with this opinion.