BOYD *v.* GARDNER.

Opinion delivered December 23, 1907.

TAX SALE—UNAUTHENTICATED DELINQUENT LIST.—A tax sale of land is void where the list of delinquent lands was not verified by the collector nor filed by him within the time required by Kirby's Digest, § 7083.

Appeal from Woodruff Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

### STATEMENT BY THE COURT.

The complaint in this case alleges that the lands involved in this suit were purchased by appellee at a void tax sale.

Appellants ask that the tax deed issued to defendant be cancelled as a cloud upon their title.

The facts sufficiently appear in the opinion.

*J. F. Summers,* for appellant.

1. When the assessor fails to attach to the assessment roll the affidavit required by statute (Kirby's Digest, § 6976), a sale for taxes thereunder is void. 21 Ark. 581; 64 Ark. 436; 67 Ark. 505; 55 Ark. 81; 44 Mich. 561; 43 Ark. 243.

2. The clerk having failed to attach to the tax book the warrant required by statute (Kirby's Digest, § 7026), the collector was within authority to make sale. 30 Ark. 276; 24 Ark. 466; 19 Ark. 602; 37 Ark. 643; 43 Ark. 296.

3. The sale was void by reason of the failure of the collector to return the list of delinquent lands on or before the second Monday in May. Kirby's Digest, § 7083; 66 Ark. 422; 80 Ark. 425; 70 Ark. 326.

*P. R. Andrews* and *H. M. Woods,* for appellee.

1. The assessor having taken the general oath of office, and having also taken the special oath prescribed by law (Kirby's Digest, § 6956), his failure to attach the affidavit at the end of the assessment roll (*Id.* § 6976) would not render the assessment, nor a sale for the taxes, void. 46 Ark. 96; 61 Ark. 42; 55 Ark. 84; 81 Ark. 319; 51 Ark. 516; 43 Ark. 243.

2. Where the record affirmatively shows that the tax book was delivered to the collector by the proper officer, the county clerk, and that upon this book taxes were extended, and by it collections were made, the fact that the warrant required by statute, Kirby's Digest, § 7026 (although indorsed on the tax book by the clerk) was not signed, will not render invalid a sale for the taxes. Kirby's Digest, § 7028; *Id.* § 7037; 43 Ark. 302; 52 Ark. 356.

3. Where the record shows affirmatively that the delinquent list was properly advertised before the day of sale, the

fact that it was not filed on the second Monday in May will not invalidate the sale. And the failure of the collector to attach his affidavit to the list will not render the sale void, if it is affirmatively shown that the list was filed, dated and signed by the clerk and certified by him as having been returned delinquent. Cases *supra;* Black on Tax Titles, 201; 55 Ark. 192.

HART, J., (after stating the facts.) This cause was tried upon an agreed statement of facts. It shows that there was filed with the clerk what purported to be a list of lands returned delinquent. But it nowhere appears in the record that such list was filed by the collector, or that it was authenticated by him as required by section 7083 of Kirby's Digest. The purported list was not even filed within the time prescribed by section 7083.

In the case of *Quertermous* v. *Walls,* 70 Ark. 326, the court said: "The delinquent list was filed by the deputy sheriff. The law does not authorize him to file such list. The filing of the delinquent list as the law prescribed is a prerequisite to a valid forfeiture to the State for the non-payment of taxes. Without such list no notice could be published, and no sale could be had."

In the present case there was no affidavit to the purported list of delinquent real estate. The record does not disclose by whom it was filed. We have no means of knowing whether or not it was the list prepared by the collector.

This renders the sale void; and, as the case must be reversed for that reason, it is unnecessary to decide the other objections urged by appellants.

Reversed and remanded with directions to render a decree not inconsistent with this opinion.