COMMONWEALTH FARM LOAN COMPANY *v.* LESTER.

Opinion delivered April 1, 1929.

294

*Mann & McCulloch,* for appellant.

*Mann & Harrelson,* for appellee.

HART, C. J., (after stating the facts). It is conceded by counsel that the only question raised by this appeal is the validity of the sale of the lands in question for the taxes levied by the county court in October, 1923. It is claimed that the record does not show that the school taxes were voted and levied in accordance with the provisions of the statute. In making this contention, reliance is placed upon the fact that the county clerk did not spread upon the records of the county court the certificate of the result of the school elections filed in his

office by the superintendent of the board of education of St. Francis County.

Section 8878 of Crawford & Moses' Digest provides that the county board of education shall promptly canvass the returns of all school elections and certify the result to the county court for proper record. Section 8955 provides that the returns of the school elections, together with the ballots, shall be sealed up and delivered by one of the election judges to the county board of education within twenty days after the election. Section 8956 provides that the county court, at its meeting for levying taxes, shall take the records of the county board of education and ascertain whether the majority of the votes be for tax and the amount of taxes voted in the particular district. Section 8970 provides that the county board of education, in school elections in cities and towns, shall also declare the result of the vote for and against the tax, and certify the same to the county court on the day of the term fixed by law for levying taxes, and that the rate of taxes so certified shall be levied by the court as are other school taxes.

It is contended by counsel for appellant that in making the levy of the school taxes the county court can only be governed by the record made in its office as to the result of the school election, and that, inasmuch as the result of the school election was not spread upon the records of the county court, no valid levy could be made. We do not agree with counsel in this contention. We think there was a substantial compliance with the provisions of the statute. The undisputed proof shows that the result of the election, as shown by the order of the county court levying the school taxes in question in this case, was certified by the county board of education, after canvassing the returns of said school election. A carbon copy of the certificate was kept on file by the superintendent of the board, and what was called the original was filed by him in the office of the county clerk. The county clerk made a notation upon the taxbooks

of the result of the school election in question, and filed the certificate of the result of the election in his office. This was a substantial compliance with the statute. The statute did not require that the certificate of the result of the school election should be spread at large upon the records of the county court. It was sufficient if the clerk filed it and it thereby became a part of the permanent records of the county court. The fact that it was lost or destroyed did not impair its force as a part of the records of the county court. It only became necessary to prove the fact that it was lost to admit secondary proof of the contents of the certificate.

The settled rule in such cases in this State is that, after proof of the loss or destruction of a record satisfactory to the court is made, its contents may be proved, like any other document, by secondary evidence, when the case does not, from its nature, disclose the existence of other and better evidence. *Davies* v. *Pettit*, 11 Ark. 349; *Brasch* v. *Western Tie & Timber Co.*, 80 Ark. 425, 97 S. W. 445; and *Woodruff* v. *State*, 61 Ark. 157, 32 S. W. 102.

Proof that the certificate had been filed was established by the testimony of the superintendent of the board, whose duty it was to deliver the certificate of the school election to the county clerk, and also by the testimony of the county clerk, whose duty it was to file the same. The loss of the certificate was established by the testimony of the county clerk, who was its custodian as a part of the records of the county court. This testimony was sufficient to let in parol proof of the contents of the certificate, and this was established by the testimony of the county superintendent to the effect that he had kept a carbon copy of the certificate in his office, and the result of the election as shown by his testimony was taken from that copy. The county clerk also testified that, when the certificate was filed by him, he made a notation therefrom upon the taxbooks of the amount of the levy and the result of the vote. The notation made

by him corresponded with the amount of tax voted and the result of the vote as shown by the carbon copy of the result of the election as certified and filed with the county board of education. Hence we are of the opinion that there was a valid record of the school taxes established, which could be acted upon by the county court, and that the sale of the land for the nonpayment of school taxes was in all respects a legal and valid sale and that appellees Latham acquired a valid title under their donation certificate.

It follows that the decree of the chancery court quieting title in them in the lands in question was correct, and must be affirmed. It is so ordered.