RAMSEY *v.* LONG BELL LUMBER COMPANY.

4-4870

Opinion delivered January 31, 1938.

*J. B. Milham,* for appellant.

*McDaniel, McCray & Crow,* for appellee.

BAKER, J., (substitute opinion). This suit involves the south half of the southeast quarter, section 7, township 3 south, range 14 west, in Saline county. It was forfeited for the taxes of 1929, and certified to the state in 1931, and on the 7th day of July, 1933, the State Land Commissioner conveyed this land to Mrs. A. V. Martin and W. A. Ramsey. Thereafter Mrs. Martin conveyed her interest to Ramsey. The Long-Bell Lumber Company, claiming title to this property, filed a suit in which it alleged the invalidity of this tax sale, and this is the question presented for our decision. The court below held the sale bad, from which decree is this appeal.

It is first insisted that the lumber company is a mere volunteer so far as the record before us shows, and, therefore, does not have the right to raise this question. The following facts do appear from the record before us. There was a sale of this land under a partition decree, and the lumber company became the purchaser. The report of this sale and the deed executed pursuant thereto were duly approved. Notwithstanding the sale to the state for the nonpayment of the, 1929, taxes, the taxes for 1930 and subsequent years were extended against the land, and were paid by the lumber company. The com-

missioners' deed in the partition proceeding was at least color of title, and no question as to that deed constituting title appears to have been raised in the court below. However, it was held in the case of *Smith* v. *Thornton,* 74 Ark. 572, 86 S. W. 1008, (to quote a headnote) that "One who has paid taxes on land under color of title has a lien on the land for the sums so paid, which is a sufficient interest to entitle him to redeem from a tax sale."

Justice Smith, in the early case of *Woodward* v. *Campbell,* 39 Ark. 580, speaking of the right to redeem from tax sales, said: "Almost any right, either at law or in equity, perfect or inchoate, in possession or in action, or whether in the nature of a charge or incumbrance on the land, amounts to such an ownership as will entitle the party holding it to redeem."

We conclude, therefore, that the lumber company had the right to redeem from the tax sale, if it were, in fact, void.

The decree holding the tax forfeiture invalid contains the following recital and finding:

"The said tax sale and certification to the state was void in that the statute was not complied with in that the collector did not file the delinquent list in which said lands were included within the time prescribed by § 10082 of Crawford & Moses' Digest of the statutes of Arkansas."

It appears that the affidavit required by § 10082, *supra,* of the collector, upon filing delinquent tax lists with the county clerk, was originally attached to that list, but was subsequently detached and was lost, and cannot now be found. But the clerk, in recording the delinquent list, also recorded the collector's affidavit. The affidavit, as there recorded, contains a jurat reading as follows: "Subscribed and sworn to before me, the county and probate clerk of Saline county, this 22d day of May, 1930."

If the delinquent list was not in fact filed with the county clerk until May 22nd, then necessarily it was filed later than the second Monday of that month, the time within which § 10082, Crawford & Moses' Digest, required it to be filed. This failure to file the delinquent list by the second Monday in May rendered the sale void, as the

court below found. It was said in the case of *Querter-mous* v. *Walls,* 70 Ark. 326, 67 S. W. 1014, that "The filing of the delinquent list as the law prescribes is a prerequisite to a valid forfeiture to the state for the nonpayment of taxes." The case of *Boyd* v. *Gardner,* 84 Ark. 567, 106 S. W. 942, is to the same effect.

In the case of *Brasch* v. *Western Tie & Timber Co.,* 80 Ark. 425, 97 S. W. 445, the court construed § 7083, Kirby's Digest, (which appears as § 10082, Crawford & Moses' Digest, and is now § 13845, Pope's Digest). In the trial of that case, the court below had held that the sale there involved was void, "for the reason that the affidavit of the collector was not made to the delinquent list for the year 1899, and that the delinquent list was not filed in the time provided by law." In that case, as in this, the collector's affidavit was originally attached to the delinquent list, but had been detached and was lost. In the absence of the affidavit filed, it was proposed to show by the collector and his deputy that the affidavit had been made and the delinquent list filed within the time required by law. The court below held this testimony was incompetent and canceled the tax sale for the reason that the delinquent list had not been filed within the time required by law. Justice BATTLE, speaking for the court, there said:

"Plaintiff argues that the affidavit of the collector required by law to be attached to the list of lands and taxes returned delinquent should be recorded with the list by the clerk, and the record is the only competent evidence of its existence. But this contention is not correct. The affidavit and list are mentioned in the statute as two distinct things, and one is not included in the other. The requirement of one to be recorded does not include the other. Upon filing the list the statute requires the clerk of the county court to carefully scrutinize it and compare it with the tax books and record of tax receipts and to strike from it any tract of land, city or town lot upon which the taxes have been paid, or which does not appear to have been entered upon the tax book, or that shall appear from the tax book to be exempt from taxation, and to cause the same as corrected to be published.

with notice that the lands, or so much thereof as may be necessary, will be sold at a time and place fixed according to the statute, and to record the list and notice in a book to be by him kept for the purpose. But the affidavit is not required to be recorded. Kirby's Digest, §§ 7083-7086.''

It was held, also, in this Brasch case that it was error to exclude the testimony of the collector and his deputy as to the time when the delinquent list had been filed, and, in so holding, it was said: ''The court erred in excluding the depositions of Walker and Brewer (the sheriff and his deputy). They should have been admitted, the proper foundation having been laid. The rule in such cases, as held by this court, is as follows: 'Whether a record be ancient or recent, after proof of its loss or destruction satisfactory to the court, its contents may be proved, like any other document, by any secondary evidence, when the case does not, from its nature, disclose the existence of other and better evidence.' (citing cases.)''

Upon the authority of this case it is insisted that it was competent to show—and that it was shown—that the delinquent list had, in fact, been filed by the second Monday in May. The argument is that as the clerk was not required to record the collector's affidavit as was, in fact, done, the record thereof is not the sole and conclusive evidence of the actual time of the filing of the delinquent list.

The testimony tending to impeach the record is to the following effect. The former sheriff, who was in office when the affidavit was made and the delinquent list was filed, testified that he filed both by or before the second Monday in May. He admitted, however, that he had no record of any kind showing that fact, and that he had no independent recollection of the transaction, but that he was sure he had done so, because the law required that it be done.

The publisher of the newspaper in which the delinquent list was published testified that the delinquent list was published in the May 22nd and May 29th issues of his paper, and that it was a long list, which would have

required, and did require, several days to set up the type for its publication. He admitted, however, that it was not uncommon for the copy for such publications to be furnished in sections and on different days, and he did not testify that this was not done in furnishing copy for the, 1929, tax sale here in question.

Conceding, upon the authority of the case of *Brasch* v. *Western Tie & Timber Co., supra,* that the affidavit having been lost, it was competent to show by parol testimony when the affidavit was, in fact, made and the delinquent list was filed, we are still of the opinion that the finding of the court below that the delinquent list had not been filed by the second Monday in May is not contrary to the preponderance of the evidence. There was no reason for dating the affidavit the 22nd of May if it had been made at a prior date; and, while the county clerk may have made a mistake in copying it, it is highly improbable that he did so, and we will not reverse the decree of the court below upon this question of fact.

Our attention has been called to the fact that this suit was filed prior to the passage of act 142 of the Acts of 1935, and that act is not available to cure any alleged irregularities or defects in said sale. Since this is true, it necessarily follows that the tax sale was ineffectual.

The decree of the chancery court was correct. Affirmed.