TOWN & COUNTRY TRAILER SALES, INC. *v.* GODWIN.

5-2335                                       344 S. W. 2d 338

Opinion delivered March 20, 1961.

*Nance & Nance,* for appellant.

*J. H. Spears,* for appellee.

SAM ROBINSON, Associate Justice. This appeal arises out of transactions involving the organization and operation of the appellant corporation, Town & Country Trailer Sales, Inc. Pending trial, appellant Harry F. Dodge intervened as receiver of the corporation and proceeded with the litigation in that manner.

Appellee, E. H. Godwin, filed suit against the appellant corporation to foreclose a deed of trust on which there was an alleged balance due of $1,106. It appears the original trust deed was in favor of the First National Bank of Memphis, Tennessee, but had been assigned to appellee together with the promissory notes evidencing the indebtedness.

Appellant answered and by way of counterclaim alleged that appellee was a subscriber to 180 shares of stock in said corporation at $100 per share, but had paid only $2,500, and there was, therefore, a balance due of $15,500, for which judgment was prayed. The counterclaim alleged another claim against appellee, which was disposed of in the trial court and is not an issue in this appeal.

In reply to the counterclaim appellee admitted subscribing to 180 shares of stock but alleged that he agreed to pay only $5,000 in cash and the balance of the consideration was to be paid by services performed in lending his credit to the corporation, which in fact he did. The evidence shows that Godwin paid $2,500 in cash and gave his note for $2,500, but the note is not mentioned in the pleadings. In asking for judgment in the sum of $15,500, it appears that the company has waived any rights which it has under the note and seeks to recover the entire amount of the subscription contract less the amount paid in cash by Godwin. Appellee further alleged that he later discovered the company was being mismanaged by one of its incorporators, H. H. Holland, Jr., and that upon this discovery he no

longer wanted any interest in the business. He alleged that there was an agreement between Holland and himself whereby he assigned to Holland the said 180 shares in return for the $2,500 payment he had made on the stock and that this agreement was a settlement in full between the parties. At the time of this agreement all the books and records of the corporation in the possession of appellee were returned to Holland.

Upon the hearing, at which appellee's allegations were supported by substantial testimony, the court decreed foreclosure of the trust deed and dismissed appellant's counterclaim.

For reversal appellant urges that the court erred in allowing parol evidence to be introduced to vary the terms of the written subscription agreement. Testimony on behalf of appellee reflects that the minutes of the directors' meetings support his contention as to the consideration for the stock, but that these minutes were missing from the corporate records. Mr. Graham Moore, an attorney, who organized the corporation and kept the minutes, testified that the minutes contained this information, but that those minutes were missing from the corporate records. Appellee testified that the minutes were all intact when he returned the books and records to Holland. The testimony of the contents of the minutes was also corroborated by R. N. Foster, the third original incorporator.

It appears that there was proper testimony to prove the contents of the missing minutes. After proof of the loss, the contents of such may be proved by secondary evidence, and the procedure in this regard has been approved heretofore by this Court. *Commonwealth Farm Loan Co.* v. *Lester,* 179 Ark. 293, 15 S. W. 2d 991.

Appellant next argues that the court erred in dismissing the counterclaim because appellee's contention that he was to pay for the stock through services to be rendered is invalid. The testimony shows that appellee

310

did obtain credit for the corporation with the Memphis bank and was in fact personally liable on the notes evidencing the debt. All three shareholders were parties to the subscription agreement, and the corporation and shareholders benefited thereby. The record further reflects that Holland's wife is now the holder of the 180 shares originally issued to appellee.

Our Constitution authorizes the issuance of stock for labor done. Ark. Const., Art. 12, § 8. And it is settled that a party who has had the benefit of an agreement cannot be permitted in an action founded thereon to question its validity. *Murray* v. *Murray Laboratories, Inc.*, 223 Ark. 907, 270 S. W. 2d 927. It would certainly be an injustice to allow Holland, who was a party to the entire transaction, to benefit by requiring appellee to pay into the corporation the balance alleged to be owed on his stock subscription. Certainly there is no fraud shown which would warrant such a decision.

Affirmed.